UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE COLEMAN, | |
| Plaintiff, | Case No. 1:14-cv-6175 |
| v. | |
| WAL-MART STORES, INC., | Judge John Robert Blakey |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacqueline Coleman ("Plaintiff" or "Coleman") allegedly slipped while shopping at a store owned and managed by Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart"). Plaintiff alleges that Wal-Mart's negligence caused her injuries, [1-1], and Wal-Mart has moved for summary judgment. [54] at 1. For the reasons explained below, Wal-Mart's motion is denied.

**I.  Background[1]**

On August 23, 2012, Plaintiff and her son were shopping at the Wal-Mart store in Lansing, Illinois. [59] at 3. The parties agree that at approximately 12:10 p.m., Plaintiff was perusing the store's "back-to-school" aisle. [64] at 3. She examined a folder, returned it to the shelf, and turned to walk away when her foot slipped on "rusted orange" liquid located on the floor. *Id.* The liquid in question

---

[1] The facts are taken from the parties' Local Rule 56.1 statements. [56] refers to Defendant's statement of material facts. [60] refers to Plaintiff's responses to Defendant's statement of material facts. [61] refers to Plaintiff's statement of additional material facts. [64] refers to Defendant's responses to Plaintiff's statement of additional material facts.

was "under" a "garden cart" left in the back-to-school aisle by Wal-Mart employee Alice Dugan. *Id.* at 1-3.

The parties further agree that Ms. Dugan first exited the back-to-school aisle, leaving the garden cart behind, at some point between 11:30 a.m. and 12:00 p.m. *Id.* at 1. Ms. Dugan testified that there was no liquid on the floor of the back-to school aisle when she first arrived. [60] at 4. She further testified that the garden cart was in the exact position she left it when she returned to the back-to-school aisle. *Id.* A soiled paper towel and a paper towel roll were both found on the garden cart after Plaintiff's fall, though the parties disagree as to both how the paper towels got there and how they were used. [64] at 3-4; *see also* [61-1].

Neither Plaintiff nor her son nor any Wal-Mart employee knew: (1) what caused the liquid to be on the floor of the back-to-school aisle; or (2) how long the liquid had been there before Plaintiff's fall. [60] at 7-8.

All Wal-Mart employees are required to conduct periodic safety sweeps. [64] at 5. In addition to Ms. Dugan, two other Wal-Mart employees (Jessica Ann Turner and David Schmalz) were working near the back-to-school aisle when Plaintiff fell. *Id.* Two different Wal-Mart employees (Franchot Reed and David Fountain) were specifically responsible for maintaining the store's floors on the date of Plaintiff's accident. *Id.* at 6.

II. **Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

2

matter of law. *Spurling v. C & M Fine Pack, Inc.,* 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.,* 743 F.3d 524, 528 (7th Cir. 2014).

### III. Analysis

Defendant argues that it is entitled to summary judgment on Plaintiff's negligence claim because: (1) Defendant lacked the requisite notice of the liquid that caused Plaintiff's fall; and (2) Plaintiff was contributorily negligent. The Court addresses each in turn.

#### A. Notice

Illinois retailers owe their invitees a duty to maintain their premises in a reasonably safe condition. *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057-58 (Ill. 2006). A retailer breaches this duty if an invitee slips on a foreign substance and "the invitee establishes," *inter alia*, that "the business had actual notice of the substance," or "the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *i.e.*, the business had constructive notice of the substance." *Zuppardi v. Wal-Mart Stores, Inc.*, 770

3

F.3d 644, 649 (7th Cir. 2014). Constructive notice can be established under Illinois law by either presenting evidence that: "(1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care; or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi*, 770 F.3d at 651 (7th Cir. 2014).

The Seventh Circuit has observed that in lieu of a "bright-line rule" governing "the requisite time to establish notice," Illinois courts have instead adopted a case-by-case approach that examines both the length of time the spill existed and the surrounding "circumstances." *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 483 (7th Cir. 2008). Relevant circumstances include the area where the spill occurred, the time the spill occurred, the visibility of the spill, and the store's policies on patrolling its aisles for spills. *Id.* at 481-82. The "critical" question is "whether the substance that caused the accident was there a length of time so that in the exercise of ordinary care its presence should have been discovered." *Id.* (internal quotation omitted).

Over the years, this totality-of-the-circumstances approach to assessing constructive notice has led to varying results. *Compare Hresil v. Sears, Roebuck & Co.*, 403 N.E.2d 678, 680 (Ill. App. Ct. 1980) (holding that the presence of a phlegm-like substance on the floor in the women's clothing department of an uncrowded retail department store for 10 minutes, as a matter of law, did not give rise to constructive notice) *and Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 651-52 (7th Cir. 2014) (rejecting any "bright-line rule designating the requisite time to

4

establish constructive notice," and holding that Wal-Mart did not have constructive notice of a colorless, odorless spill that went unnoticed for "a few minutes") *with Peterson v. Wal-Mart Stores, Inc.,* 241 F.3d 603, 605 (7th Cir. 2001) (ten-minute time frame may be enough to establish notice of a floor spill on path frequently traveled by employees) *and Kling v. Menard, Inc.*, No. 13-cv-8322, 2015 WL 1607601, at *3 (N.D. Ill. Apr. 2, 2015) ("Unlike the plaintiff in *Zuppardi* who could only guess at what Wal–Mart knew, Kling has presented evidence that a Menards employee not only knew of a recent spill but also made an attempt to clean it up.").

Here, as in *Peterson* and *Kling*, a reasonable fact-finder could infer that Wal-Mart was on constructive notice of the spill. The parties agree that the spill was underneath a garden cart left unattended by a Wal-Mart employee. *See supra* at 2. A reasonable factfinder might infer that the spill originated from the garden cart, in light of its location. A reasonable fact-finder could similarly infer that the spill was present on the floor for up to forty minutes because, as the parties agree, Plaintiff fell at 12:10 p.m. and the employee abandoned the garden cart sometime between 11:30 a.m. and 12:00 p.m. *Id.* Finally, a reasonable fact-finder could infer that Wal-Mart was constructively aware of the spill, given that: (1) no less than four Wal-Mart employees were at least partially responsible for maintaining the floor on the day Plaintiff fell; (2) the spill was "rusted orange" and large enough to span multiple floor tiles; and (3) soiled paper towels of unknown origin were found on the garden cart after Plaintiff's fall, raising the possibility that a Wal-Mart employee had attempted to clean up the spill. *Id.*

5

B.  **Contributory Negligence**

Under Illinois law, a plaintiff cannot recover if the "contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought." 735 ILCS § 5/2-1116(c). Defendant argues that this rule precludes recovery here, because "a reasonable person exercising ordinary perception, intelligence, and judgment would have seen and recognized the liquid and the risk of slipping on it and would have taken steps to avoid the spill [or] not reached over the garden cart to grab merchandise off of the top shelf." [55] at 6.

Defendant's argument is inconsistent with governing case law, which holds that contributory negligence "is a question of fact for the jury." *Schmidt v. Klinman*, No. 05-cv-2134, 2005 WL 6939158, at *2 (N.D. Ill. Dec. 2, 2005); *see also Coole v. Cent. Area Recycling*, 893 N.E.2d 303, 309 (Ill. App. Ct. 2008) (Generally, the issue of contributory negligence is a question of fact for the jury, and it only becomes a question of law "when all reasonable minds would agree that the evidence and the reasonable inferences therefrom, viewed in the light most favorable to the nonmoving party, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand.") (internal quotation omitted).

Defendant agrees that Plaintiff "pulled a folder off the shelf, realized it was not the one she was looking for, returned it to the shelf and turned to walk away when her foot slipped on the liquid under the green lawn and garden cart." [64] at

3. This unremarkable course of conduct simply does not justify a deviation from the general rule that contributory negligence "is a question of fact for the jury." *Schmidt*, 2005 WL 6939158, at *2.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for summary judgment [54] is denied.

Dated: January 17, 2016

Entered:

_____
John Robert Blakey
United States District Judge